UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK OLAF FONSECA,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　Defendants-Appellees. | No.  1:23-cv-00568-KES<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE LOCAL RULES |

　　　　Plaintiff-Appellant, Roderick Olaf Fonseca ("Appellant"), filed this bankruptcy appeal on April 11, 2023, appealing a United States Bankruptcy Court's order granting a motion to dismiss.[1] (Doc. 1.) On April 12, 2023, the district court mailed a letter to Appellant with further instructions for prosecuting the appeal, noting Appellant's duty to comply with the underlying procedural rules for designation of the record. (Doc. 2.) On June 30, 2023, the bankruptcy court notified Appellant that the filing fee had not yet been paid. (Doc. 3.) This action was reassigned on December 1, 2023, and March 14, 2024. (Docs. 4, 5.) The clerk's office served the orders of reassignment by mail upon Appellant, but they were returned as undeliverable on December 11, 2023 and March 21, 2024. (*See* docket.)

---

[1] Under 28 U.S.C. § 158(c)(1), a party may elect to have an appeal heard by the United States District Court rather than the Bankruptcy Appellate Panel.

1

A district court possesses the inherent power to control its docket, *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc), and may dismiss an action *sua sponte* for failure to prosecute, *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991).  A party's failure to comply with applicable rules and law may also be grounds for dismissal or any other sanction appropriate under the Local Rules.  *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").  Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  The Court, however, recognizes that "dismissal is a harsh penalty, and, therefore, it should be imposed only in extreme circumstances."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

Although this action has been pending since April 11, 2023, Appellant has failed to pay the required filing fee or to prosecute this appeal.  (*See* docket.)  On June 30, 2023, the clerk of the bankruptcy court provided notice that the record was incomplete or delayed because Appellant had failed to pay the required filing fee.  (Doc. 3.)

Additionally, Appellant has not notified the court of any change in his address, and since December 11, 2023, the clerk's office mailings to Appellant have been returned as undeliverable.  Under Local Rule 183(b), a party appearing without an attorney "shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a [pro se] plaintiff . . . by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."  L.R. 183(b).  Absent notice of a change in a party's address, service at the party's prior address is fully effective.  L.R. 182(f).  More than sixty-three (63) days have passed since Appellant's mail was first returned by the U.S. Postal Service, and Appellant has not notified the court of a change in his address.

Accordingly, **within fourteen (14) days** of the date of service of this order, Appellant shall show cause in writing why the action should not be dismissed for failure to prosecute and failure to comply with the Local Rules.  Alternatively, within fourteen (14) days, Appellant may

voluntarily dismiss the action.  **Appellant is warned that failure to comply with this order may result in dismissal of the action without prejudice for failure to prosecute and failure to obey a court order**.

IT IS SO ORDERED.

   Dated:   March 26, 2024

UNITED STATES DISTRICT JUDGE