UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK OLAF FONSECA,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>Defendants-Appellees. | No. 1:23-cv-00568-KES<br><br>ORDER DISMISSING APPEAL WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE, FAILURE TO COMPLY WITH THE LOCAL RULES, AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

Plaintiff-Appellant ("Appellant") has failed to prosecute this appeal, failed to comply with the Local Rules, and failed to comply with the Court's order to show cause filed March 27, 2024. Accordingly, the Court orders the action to be DISMISSED without prejudice.

**I.   BACKGROUND**

Appellant initiated this bankruptcy appeal on April 11, 2023, appealing the bankruptcy court's order granting a motion to dismiss an adversary complaint. Doc. 1. On April 12, 2023, this Court mailed a letter to Appellant with further instructions for prosecuting the appeal, noting Appellant's duty to comply with the underlying procedural rules for designation of the record. Doc. 2. On June 30, 2023, the bankruptcy court notified Appellant that the filing fee had not yet

1

been paid. Doc. 3. This action was reassigned on December 1, 2023, and March 14, 2024. Docs. 4, 5. The clerk's office served the orders of reassignment by mail upon Appellant, but they were returned as undeliverable on December 11, 2023, and March 21, 2024. *See* docket.

The Court issued an order to show cause on March 27, 2024, noting that although the appeal had been pending since April 11, 2023, Appellant had failed to pay the required filing fee, failed to prosecute the appeal, and failed to notify the court of the change in his address as required by Local Rule 183(b). Doc. 6. The Court ordered Appellant to show cause within fourteen (14) days of service as to why the appeal should not be dismissed for failure to prosecute and failure to comply with the Local Rules. *Id.* The order to show cause was served on Appellant on March 27, 2024, but it was returned as undeliverable. *See* docket.

**II.     ANALYSIS**

The Local Rules provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Auth. of Los Angeles,* 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, e.g., *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for failure to prosecute). However, "the harsh penalty of dismissal should only be imposed in extreme circumstances." *Tillman v. Tillman*, 825 F.3d 1069, 1074 (9th Cir. 2016); *Ferdik*, 963 F.2d at 1260.

To determine whether to dismiss an action for failure to prosecute and failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and

(5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423; *see also Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831.

### A. Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. *See Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). There is no basis to continue to hold this appeal in abeyance, given Appellant's failure to take any step to timely prosecute the appeal, his failure to provide a current address as required by Local Rule 183(b), and his failure to respond to the Court's order to show cause. Accordingly, this factor weighs in favor of dismissal of the action.

### B. Prejudice to Defendants

A rebuttable presumption of prejudice arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Appellant has unreasonably delayed the appeal by not taken any action to further his prosecution of the appeal. Therefore, this factor weighs in favor of dismissal.

### C. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262.

The Court warned Appellant in the order to show cause that "[f]ailure to comply with this order may result in dismissal of the action without prejudice for failure to prosecute and failure to obey a court order." Doc. 6 at 3. Accordingly, the warning to Appellant satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the appeal. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.

### D. Public policy

Given Appellant's failure to prosecute the appeal and failure to comply with the Court's

orders, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (although public policy favoring disposition of cases on their merits weighed against dismissal, it was not sufficient to outweigh other four factors, which supported dismissal).

### III. CONCLUSION

Appellant has failed to prosecute this appeal, including by failing to pay the filing fee, and has failed to keep the Court apprised of his current address, in violation of Local Rule 183(b). Appellant also failed to comply with the Court's order to show cause issued March 27, 2024 (Doc. 6).

Based upon the foregoing, the Court ORDERS:

1. This appeal is DISMISSED without prejudice; and
2. The Clerk of Court is DIRECTED to close this appeal.

IT IS SO ORDERED.

Dated:     April 12, 2024

UNITED STATES DISTRICT JUDGE